No. 754　　　　　August 20, 2025　　　　　835

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. B. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

R. B. C.,
*Appellant.*

Washington County Circuit Court
23JU03817; A182895

Thomas A. Goldman, Judge pro tempore.

Argued and submitted May 28, 2025.

Christa Obold Eshleman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Emily N. Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Reversed.

**JACQUOT, J.**

In this juvenile delinquency case, youth seeks reversal of the juvenile court's adjudication for second-degree theft. Youth raises one assignment of error, arguing that the juvenile court erred as a matter of law, by adjudicating youth for theft even though the evidence was only sufficient to show that she was "merely present or acquiescing," while another individual engaged in theft. The state responds that under the proper standard of review, in which we view the evidence in the light most favorable to the state, evidence supports the juvenile court's finding that youth participated in the theft conduct. Youth preserved her claim of error. For the reasons provided below, we reverse.

We have discretion to review *de novo*, ORS 19.415 (3)(b); ORAP 5.40(8), which no party requests and this is not an exceptional case warranting *de novo* review. In the absence of *de novo* review, we review the juvenile court's legal conclusions for errors of law and are bound by the court's findings of historical fact where there is any evidence to support them. *State v. G. L. D.*, 253 Or App 416, 418, 290 P3d 852 (2012), *rev den*, 354 Or 597 (2013). We view "the evidence in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. D. B. O.*, 326 Or App 384, 386, 532 P3d 921 (2023).

An adult commits the crime of theft if they "[t]ake[], appropriate[], obtain[], or withhold[]" property from an owner "with intent to deprive" the owner of the property. ORS 164.015; ORS 164.045.[1] Aiding or abetting another person in planning or committing a crime is proscribed by ORS 161.155, and "[t]he smallest degree of collusion between accomplices is sufficient for aiding-and-abetting liability." *State v. J. M. M.*, 268 Or App 699, 704, 342 P3d 1122 (2015). However, "that the defendant was merely present, or acquiesced in others' conduct, is not enough." *Id.*; *see also State ex rel Juv. Dept. v. Holloway*, 102 Or App 553, 557, 795 P2d 589 (1990) ("[M]ere presence at a crime is insufficient to establish aiding and abetting. Similarly,

---

[1] If the "total value of the property *** is $100 or more and less than $1000," the conduct constitutes second-degree theft. ORS 164.045(1)(b).

acquiescence alone is not sufficient to constitute aiding and abetting." (Internal citations omitted.)).

Surveillance images show that youth entered a store alongside another youth, V. V acquired a bag and the two individuals walked throughout the store. V placed items into the bag and both of them left the store without paying. Although a surveillance image shows youth exiting the store, youth is only seen from behind and the image does not show whether youth is or is not holding anything. The store manager reported the theft and told the investigating officer that V picked up hair dye products and put them into the bag. The store manager reported that youth was right next to V while they were in the store. Several hours later, during a traffic stop unrelated to this incident, the investigating officer discovered the youths in the backseat of a vehicle and recognized them in connection to the theft investigation. The officer began going through the bag of merchandise to determine which items were stolen. The officer asked if the stolen items were just hair care products and youth responded, "and lashes." Although the state asserts that youth's statement is an admission of her guilt, that conclusion is not supported by the record. Youth's statement to the officer—"and lashes"—indicates that youth was identifying one of the stolen items, not that she stole them herself.

During trial, the store manager testified that both youths were putting items into the bag; his in-court statements about youth's involvement in the incident contradicted his initial statement to the investigating officer. Although the trial court determined the store manager to generally be a credible witness, the trial court did not appear to rely on the statement about seeing both youths taking items. The trial court stated "he is a credible witness. But that [inconsistent] statement does hold some question."

Moreover, the juvenile court made the following remarks.

"She was not the mere presence in this. Whether or not [the Walgreen's manager] saw her actively putting items in the bag, it is clear the two worked in concert together to steal from the Walgreen's. I understand beyond a reasonable

doubt is a high standard, but that does not mean beyond all doubt."

The juvenile court determined youth was subject to the jurisdiction of the court even without the store manager's inconsistent inculpatory testimony. However, that evidence consists only of youth's presence during the crime and her statement that lashes were among the stolen goods. Similar to *J. M. M.*, 268 Or App at 705, that evidence "is enough to establish that youth *** knew the crime would occur[] and acquiesced in its commission. Our case law makes clear, however, that [a] youth must have done more to be liable as an accomplice." Youth did not have a legal obligation to refrain from being present or to discourage the behavior of V. *Id.* Her mere presence, and her willingness to identify a stolen item when asked by an investigating officer, do not establish that she was guilty of criminal behavior.

Reversed.